# MEMORANDUM

## OF A

# CASE NOT REPORTED IN FULL.

34  250
31ap472
34h 250
48ad143

## GEORGE W. BASSETT, Respondent, v. WILLIAM G. DEAN, Appellant.

*Landlord and tenant — right of the tenant to take a reasonable time in removing his property from premises rendered untenantable by fire — 1860, 'chap. 345.*

Appeal from a judgment in favor of the plaintiff, entered upon a verdict directed by the court, and from an order denying a motion for a new trial made upon the minutes of the judge before whom the action was tried.

The action was brought to recover two months' rent, said rent being payable in advance, and being due January 1st and February 1st, 1882, upon a sealed lease of premises in New York city. A fire occurred upon the premises December 27, 1881, which it was claimed rendered them untenantable. The defendant testified that he notified the plaintiff on December 29, 1881, that he could not use the building and that he should cancel his lease; that he removed his goods and machinery from the building as soon as he could after the insurance adjusters had completed their examinations. All his property was removed by February third, and on that day he served upon the plaintiff a formal surrender, under seal, of his interest under the lease. The defendant's counsel requested the court to submit to the jury the question whether or not after the damage the defendant removed from the premises with reasonable dispatch. The court refused so to do and directed a verdict in favor of the plaintiff for the two months' rent.

The court, at General Term, said: "We think that, under chapter 345 of the Laws of 1860, when premises become untenantable in consequence of fire, the tenant is entitled to a reasonable time within which to remove his property from the premises occupied by him, and that what is a reasonable time for that purpose is a

question of fact which must be submitted to the jury and be by them disposed of. That question should have been submitted to the jury in this case for their determination. It would necessarily involve a consideration of the character of the property on the premises and the ease or difficulty, or both, which may be encountered in its removal.

" The judgment must be reversed and a new trial ordered, with costs to abide event."

*H. D. Birdsall,* for the appellant.

*Joseph A. Shoudy,* for the respondent.

Opinion *Per Curiam.*

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Judgment reversed, new trial ordered, costs to abide event.